UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                          Chapter 11

CAPTAIN VAN DYKE TRUST,                                         Case No. 8:10-bk-14973-KRM

        Debtor.
_____/                                *Emergency Relief Requested*

# DEBTOR'S EMERGENCY MOTION
# FOR AUTHORITY TO USE CASH COLLATERAL

**STATEMENT OF RELIEF REQUESTED**

The Debtor seeks authority to use cash collateral to fund its operating expenses and costs of administration in this Chapter 11 case and to provide replacement liens as described below as adequate protection for the interests in its cash collateral. The Debtor believes that iStar (as defined below) may assert valid and perfected security interests in cash collateral. The Debtor proposes to grant as adequate protection replacement liens on all Cash Collateral acquired by the Debtor or the estate on or after the Petition Date to the same extent, validity, and priority held as of the Petition Date.

CAPTAIN VAN DYKE TRUST, as debtor and debtor in possession (the "**Debtor**"), by and through its undersigned attorneys, hereby files this Amended Emergency Motion for Authority to Use Cash Collateral (the "**Motion**") pursuant to 11 U.S.C. §§ 105, 363, and 541 and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**FRBP**"). In support of this Motion, the Debtor would show:

## Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are §§ 105, 363, and 541 of the

Bankruptcy Code. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

## Background

2. On June 23, 2010 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. The Debtor is operating its business and managing its property as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to § 1102 of the Bankruptcy Code.

5. The Debtor is the owner of a shopping center known as the Van Dyke Commons consisting of two parcels of real property located at 17461 and 17623 North Dale Mabry Highway, Lutz, Florida (the "**Shopping Center**").

6. On or about May 31, 2006, the Debtor entered into that certain Secured Promissory Note, Mortgage and Loan and Security Agreement (collectively, the "**Loan Documents**"), in the original principal amount of $28,628,000.00 in favor of Fremont Investment & Loan, which Loan documents were acquired June 29, 2007, by iStar FM Loans LLC ("**iStar**").

7. As of the Petition Date, the Debtor believes that iStar will contend that it is owed approximately $31,339,831.40 under the Loan Documents.

8. Pursuant to the Loan Documents, it appears that the Debtor may have granted to iStar mortgage and security interests in the Shopping Center lease and rent payments and proceeds thereof (collectively, the "**Collateral**").

9. The Debtor believes that iStar will assert (a) that it has perfected liens on the Collateral, and (b) that its perfected liens generally have priority over all liens against the Collateral, other than property taxes.

**Relief Requested and Grounds for Relief**

10. As of the Petition Date, the Debtor had certain funds in various bank accounts. Additionally, the Debtor continues to receive payments from tenants of individual leases of retail space. The proceeds generated by the lease or rental of retail space may constitute the cash collateral (the "**Cash Collateral**") of iStar.

11. By this Motion, the Debtor seeks the entry of an order authorizing the Debtor's use of Cash Collateral to pay operating and other expenses in accordance with the proposed budget, a copy of which is attached hereto as Exhibit "A". The Debtor proposes to use the Cash Collateral for purposes which include the following:

   a) Care, maintenance and preservation of the Debtor's assets;

   b) Payment of necessary management fees and other business expenses;

   c) Continued business operations.

12. Except as specifically authorized by law or court order, the Debtor will not use the Cash Collateral to pay pre-petition obligations.

13. The Debtor requests authority to use the Cash Collateral immediately to fund operating expenses necessary to continue the operation of its business, to maintain the estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and estate.

14. There is insufficient time for a full hearing pursuant to Rule 4001(b)(2) of the FRBP to be held before the Debtor must use the Cash Collateral. If this Motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use the Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operations of the Debtor's business and on the value of its assets. In order to continue its business activities in an effort to achieve a successful reorganization, the Debtor must use the Cash Collateral in the ordinary course of business. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization. Any such discontinuation would also materially and adversely impact upon the value of the Collateral. Indeed, it is in the best interest of iStar that the Debtor use the Cash Collateral, if such usage will preserve the value of the Collateral.

15. The Debtor proposes a replacement lien on the assets acquired after the Petition Date equal in extent, validity, and priority to the security interest in the Debtor's assets that iStar held as of the Petition Date. In other words, the Debtor proposes that iStar's "floating" liens on such assets continue to "float", notwithstanding § 552 of the Bankruptcy Code, to the same extent and level of priority as its pre-petition liens on the Collateral. The Debtor alleges that iStar is also adequately protected by virtue of an equity cushion.

16. The Debtor asserts that the interests of iStar will be adequately protected. Consequently, no further provision for adequate protection is required. The Debtor

further alleges that all conditions precedent to the use of Cash Collateral have been performed or have occurred.

17. If allowed to use the Cash Collateral, the Debtor believes that it can operate its business during the Chapter 11 case and successfully reorganize its business.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (a) granting the instant Motion and authorizing the interim use of cash collateral, the proposed form of which is attached as Exhibit "B", (b) scheduling a preliminary hearing on the Motion at the earliest possible time, (c) authorizing the Debtor to use the Cash Collateral in the operation of its business, and (d) granting such other and further relief as the Court may deem appropriate.

DATED: June 30, 2010.

/s/ Stephen R. Leslie
Russell M. Blain
Florida Bar No. 236314
rblain@srbp.com
Stephen R. Leslie
Florida Bar No. 0000349
sleslie@srbp.com
STICHTER, RIEDEL, BLAIN
 & PROSSER, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 (facsimile)

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL has been furnished by the Court's CM/ECF system or U.S. MAIL on the 30th day of **June, 2010** to:

**Nathan E. Nason,** Nason Yeager, et al., 1645 Palm Beach Lakes Boulevard, Suite 1200, West Palm Beach, Florida 33401

Local 1007-2 Parties in Interest Matrix

/s/ Stephen R. Leslie
Stephen R. Leslie

Captain Van Dyke Trust
Profit and Loss Budget Overview
July through September 2010

|  | Jul-10 | Aug-10 | Sep-10 |
|---|---|---|---|
| **Ordinary Income Expenses** | | | |
| **Income** | | | |
| Base Rent | 210,109.69 | 211,543.19 | 214,410.19 |
| CAM Reconciliation | | | |
| CAM Reimbursement | 56,035.52 | 50,146.77 | 50,146.77 |
| Insurance Reimbursement | | | |
| Late Fee | | | |
| RE Tax Reimbursement | | | |
| Sign Rental | 75.00 | 75.00 | 75.00 |
| Tenant Water Reimbursement | 2,800.00 | 2,800.00 | 2,800.00 |
| Total Income | 269,020.21 | 264,564.96 | 267,431.96 |
| | | | |
| **Expense** | | | |
| 1) Administrative Fees | 150.00 | 150.00 | 150.00 |
| 2) Building Repairs/ Maint | 278.88 | 278.88 | 278.88 |
| 3) Fire Alarm Repair/ Maint | | | |
| 4) HVAC Repair/ Maint | 129.05 | 129.05 | 129.05 |
| 5) Insurance Expense | 5,000.00 | 5,000.00 | 5,000.00 |
| 6) Irrigation Repair | 482.18 | 482.18 | 482.18 |
| 7) Janitorial/Power Wash | 1,266.02 | 1,266.02 | 1,266.02 |
| 8) Lake/ Retention Pond Maint | 1,828.00 | 0.00 | 1,828.00 |
| 9) Landscaping/ Tree Service | 2,500.00 | 2,500.00 | 3,000.00 |
| 10) Lighting/ Fixtures | | | 900.00 |
| 11) Management Fees | 6,653.63 | 6,542.25 | 6,613.92 |
| 12) Music Service | 92.37 | 92.37 | 92.37 |
| 13) Parking Lot Repairs | 54.17 | 54.17 | 54.17 |
| 14) Parking Lot Sweep/ Porter | 1,693.50 | 1,693.50 | 1,693.50 |
| 15) Pest Control | 167.81 | 167.81 | 167.81 |
| 16) Plumbing Repairs | 434.06 | 434.06 | 434.06 |
| 17) Real Estate Taxes | | | |
| 18) Roof Repair/Maint | 239.55 | 239.55 | 239.55 |
| 19) Security Service | | | |
| 20) Signage Repairs/ Maint | | | |
| Utilities | 180.99 | 180.99 | 180.99 |
| 21) Electric- HSE | 2,531.60 | 2,531.60 | 2,531.60 |
| 22) Electric- Vacant Units | | | |
| 23) Trash Removal | 3,124.66 | 3,124.66 | 3,124.66 |
| 24) Water & Sewer- HSE | 3,167.43 | 3,167.43 | 3,167.43 |
| Total Utilities | 8,823.69 | 8,823.69 | 8,823.69 |
| | | | |
| Total Expense | 29,973.90 | 28,034.51 | 31,334.19 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                  Chapter 11

CAPTAIN VAN DYKE TRUST,                                 Case No. 8:10-bk-14973-KRM

        Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S
EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

THIS CAUSE came on for hearing on _____, 2010 at _____.m. upon the Debtor's Emergency Motion for Authority to Use Cash Collateral (the "**Motion**") (Doc. No. ___). The Motion seeks the entry of interim and final orders authorizing the use of "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code. The Court, having reviewed the Motion and having heard the argument and proffers of counsel, finds that the Motion should be granted to prevent immediate and irreparable harm to the Debtor's businesses. Accordingly, for the reasons stated orally and recorded in open Court, which shall constitute the decision of the Court, it is

**ORDERED** that:

1. The Motion is granted on an interim basis pending a final hearing to be conducted by the Court on _____, 2010, at _____.m.

2. The Debtor is authorized to use Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code) including, without limitation, cash, deposit accounts, accounts receivable, inventory and the proceeds thereof, in accordance with the budget, a copy of which is attached hereto as <u>Exhibit A</u> (the "**Budget**").

3. In connection with the Debtor's use of Cash Collateral, the Debtor, in any particular calendar month, is not authorized to: (a) spend more than fifteen percent (15%) in excess of any particular line item or (b) to exceed the total expenditures set forth in the budget without the consent of iStar FM Loans, LLC ("**iStar**").

4. iStar is granted as adequate protection a post-petition replacement lien against the Debtor's Cash Collateral to the same extent, validity, and priority as existed as of the Petition Date.

5. This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtor or its estate. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

6. This Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor, and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

7. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

8. This Order is without prejudice to the Debtor's right to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

**DONE AND ORDERED** in Chambers at Tampa, Florida, on _____.

K. Rodney May
United States Bankruptcy Judge

cc: Local 1007-2 Parties in Interest Matrix

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:10-bk-14973-KRM<br>Middle District of Florida<br>Tampa<br>Wed Jun 30 15:40:43 EDT 2010 | ADT Security Services, Inc.<br>PO Box 371967<br>Pittsburgh, PA 15250-7967 | Aegis Protective Services, Inc.<br>1261 S. Missouri Avenue<br>Clearwater, FL 33756-9109 |
| American Facility Services<br>3416 Shader Road<br>Suite 100<br>Orlando, FL 32808-3418 | Department of Labor and Security<br>Hartman Building Suite 307<br>2012 Capital Circle Southeast<br>Tallahassee FL 32399 0648 | Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 |
| Hanover Insurance Group<br>Box 4031 Mellon Fin. Services<br>1350 Santilli Hwy.<br>AIM #026-0017<br>Everett, MA 02149 | Hillsborough County Water Dept.<br>10707 Rhodine Road<br>Riverview, FL 33579-7703 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 |
| Meryman Environmental<br>10408 Bloomingdale Ave<br>Riverview, FL 33578-3679 | Mike's Window Cleaning<br>647 A Fairmont Avenue<br>Safety Harbor, FL 34695-4314 | Natural Designs Landscape Mgmt.<br>PO Box 1678<br>Lutz, FL 33548-1678 |
| Office of US Attorney<br>Attn Civil Process Clerk<br>400 North Tampa St Suite 3200<br>Tampa FL 33602-4774 | Orkin Pest Control<br>3755 68th Avenue N<br>Pinellas Park, FL 33781-6110 | P.R.L.M., Inc.<br>c/o Lara R. Fernandez<br>Trenam Kemker<br>P.O. Box 1102<br>Tampa, FL 33601-1102 |
| P.R.L.M., Inc.<br>Pappas Retail Lease & Mgmt.<br>PO Box 48547<br>Saint Petersburg, FL 33743-8547 | Tampa Electric Co.<br>PO Box 31318<br>Tampa, FL 33631-3318 | Tropical Music Service, Inc.<br>PO Box 22907<br>Tampa, FL 33622-2907 |
| United Electric Motor<br>905 E. Ida Street<br>Tampa, FL 33603-4317 | Verizon Florida, LLC<br>P.O. Box 920041<br>Dallas, TX 75392-0041 | Waste Services of Florida, Inc.<br>Liberty Waste Hauling<br>1601 N 34th Street<br>Tampa, FL 33605-5704 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | End of Label Matrix<br>Mailable recipients    20<br>Bypassed recipients     0<br>Total                  20 |